### CANNON *v.* SMITH *et al.*

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

VENDOR AND VENDEE—PART PERFORMANCE OF CONTRACT BY VENDEE—DEATH OF VENDOR.

A. owned three lots, upon the first and third of which was a mortgage of $2,000, also one of $1,260, and one of $735; and on the second, a mortgage of $350. Plaintiff agreed to buy the three lots for $5,000; A. to pay off the $2,000 mortgage, and plaintiff to take a deed subject to the $1,260 and $735 mortgages, which amounts were to be deducted from the purchase price. Plaintiff paid $505 in cash, and gave a bond and mortgage for $2,150, which, together with a deed for the lots, were deposited in escrow, to be delivered when A. should satisfy the $2,000 mortgage. A. died without doing this, the deed and mortgage were never delivered, and subsequently the $2,000 mortgage was foreclosed; plaintiff purchasing lot No. 1 for $4,025, which she paid for in cash, and by being credited the amount of the amount of the $1,260 and $735 mortgages. Lot No. 3 was sold to a stranger for $150, its fair value. Subsequently, by the procurement of plaintiff, A.'s executor sold lot 2 at public sale, plaintiff agreeing to bid $450, which she did; but the lot was struck off to defendant N. for $455, or $105 above the mortgage on it. *Held,* that plaintiff was estopped to question N.'s title to that lot, and was not entitled to a delivery of the deed to the three lots from the executor, but was entitled to have her bond and mortgage canceled, and to have judgment against the executor for the $505 paid by her, with interest from the day of the foreclosure sale.

Appeal from special term, Kings county; CHARLES F. BROWN, Justice.

This was an action by Elizabeth R. Cannon against George T. Smith and Martha H. Butler, executors of Eleazer Smith, deceased, J. Lawrence Smith, G. Herbert Newton and wife, to compel a delivery of a deed by the executors, and the surrender of a bond and mortgage given by plaintiff to the testator, and to have a deed from the executors to defendant Newton set aside. On report of the referee, the complaint was dismissed, and plaintiff appeals.

*E. J. Smith,* for appellant.   *Wilmot M. Smith, J. L. Smith,* and *Smith & Keene,* for respondent Smith.

BARNARD, P. J.   The case shows that in November, 1884, one Eliza Smith owned three pieces of land, known in the evidence as "Lots No. 1, 2, and 3." There was a $2,000 mortgage on lots No. 1 and 3; also a mortgage for $1,260; also one for $735. On lot 2 there was a mortgage of $350, which included other property. The plaintiff agreed to buy the three pieces for $5,000. The vendor was to pay the $2,000 off, and the vendee was to take a deed subject to the $1,260 and the $735, and to give a new mortgage for $2,150, and to pay $505 in cash. The deed and new mortgage for $2,150 were to be left in the hands of John Lawrence Smith in escrow until the $2,000 mortgage was taken up by the vendor. In this condition the transaction remained when the vendor died. The papers were held in escrow, and the $2,000 was not taken up. The vendee paid the $505 in cash, and went into possession. After the death of the vendor, the $2,000 mortgage was foreclosed, and the vendee (plaintiff) bought No. 1 for $4,025, which she paid for in cash, and the mortgages of $1,260 and $735 were paid out of the sum so paid; but No. 3 was sold to a stranger for $150. The result did not work any great injustice, although the deceased should have performed his agreement. After deduct-

ing lot No. 2, and assuming that lot No. 3 brought its value, the plaintiff gave less for lot No. 1, proportionately, than she was to pay for the whole. The deceased vendor received for the whole property $4,785, including the $505 payment in cash, and allowing the $150 for lot No. 3, and $105 for lot 2, which was its value over the mortgage on it. The rights of the parties, however, are not to be determined by the result of the vendor's default. Lots No. 1 and 2 were withdrawn from the operation of the deed by a separate title. The agreement was thereby at an end, and the plaintiff was entitled to a return of her cash paid. By her purchase of lot No. 1 she did not waive her right to this return of the $505. It was impossible to execute the agreement entirely after the sale. The land, in great part, had passed to new owners. There remained only lot No. 2, mortgaged for $350, and worth $105 over that mortgage. The principal controversy is over this lot. The evidence shows undoubtedly that the sale of this lot was made by the executor of the vendor, by the assent and even procurement of the plaintiff, and under her promise to bid $450 for it on the sale. She did state to the bidders that they would have to purchase subject to her rights under the original agreement with the deceased vendor; but in view of the preceding agreement, by which the sale was induced, the referee was fairly justified in finding that the sale was not designed to be and was not forbidden. The plaintiff made her bid, as she agreed, and another person bid five dollars more, and took the land. The plaintiff should be estopped from denying this title. She stood by, and permitted its sale as the property of the deceased vendor, and she was willing and agreed to take a title from the executor, and pay the price for it as land belonging to the deceased. There is no reason why the $505 is not to be repaid. The agreement was at an end by the default of the vendor, and the lands passed by other means than the agreement called for. There should have been a judgment against the executors for that sum. The judgment is modified by allowing that sum, with interest from the date of the referee's deed on the foreclosure of the $2,000 mortgage. The plaintiff is also entitled to have the decree modified so that the defendant J. Lawrence Smith deliver up the $2,150 bond and mortgage to plaintiff, to be canceled or destroyed by the plaintiff, as wholly inoperative and void. Costs should be allowed against the executors; and this judgment, as to the other defendants, is affirmed, without costs on the appeal to either party.