## MUNRO v. SMITH et al.

### (Circuit Court, S. D. New York. May 5, 1890.)

COPYRIGHT—INFRINGEMENT—FRONTISPIECE.

The copyright of complainant's pamphlets and magazines containing pictures of "Old Sleuth" are not infringed by defendants' books having a picture of "Old Sleuth, the Detective," on the cover; the variations being sufficient to make the pictures very different.

In Equity. For infringement of copyright.

*Roger Foster*, for plaintiff.

*Archibald L. Sessions*, for defendants.

SHIPMAN, J. This is a bill in equity which is founded upon the alleged infringement of a copyright. The complainant is the publisher of a series of stories called the "Old Sleuth Library," and purporting to be written by "Old Sleuth." Each story is published separately in pamphlet form, and upon the cover is a picture of "Old Sleuth," a detective, in large, old-fashioned clothes, with full, bushy beard, spectacles, fob chain, and baggy umbrella. Each number of the series is copyrighted. The complainant has also published a magazine called "The Fireside Companion," each number of which is copyrighted. In the number issued January 7, 1884, he commenced the publication of a story called "Old Sleuth in Philadelphia," the first page of which contained a similar picture of the detective. Since the date of the plaintiff's copyright, the defendants have been the publishers of a series of stories called, upon the cover of each volume, "The Secret-Service Stories of Old Sleuth and Others," and two or more of them are also represented upon the cover to be written by "Old Sleuth." There is also a picture of "Old Sleuth, the Detective," upon the cover. All these stories, both of the plaintiff and defendants, are written by the same person, one of whose assumed names is "Old Sleuth." The complainant's bill is so drawn as to allege that he had a copyright in the pamphlet or magazine, and also in the print. It is manifest from the certificates of the librarian of congress that the several pamphlets and magazines containing the picture were copyrighted, but that there was no separate copyright in the engraving or print or cut. The picture was a part of the book, and the theory of the complainant is that this copyright was infringed by copying, publishing, and selling copies of this part of his book. I shall assume that this theory is correct, and that, when a defendant republishes an original picture or illustration owned by the complainant, and contained in a book or magazine upon which he has a valid copyright, such right is infringed. The only question in this case is in regard to infringement. The complainant brought a bill in equity against the defendants, before the supreme court for the state of New York, for an injunction against the use of the picture or the phrase "Old Sleuth, the Detective," or the word "Sleuth," upon the ground

that the several words and devices were the complainant's trade-mark. The supreme court held, at trial term, (1 N. Y. Supp. 313,) that the complainant was not entitled to the exclusive use of the name, but that the picture was his trade-mark. The court, at general term, (8 N. Y. Supp. 671,) reversed the judgment, and held that there was no trade-mark in the picture. It is thus obvious that the idea which first presented itself to the complainant's counsel, as it is also the first which would naturally present itself to any one, without a knowledge of the facts on both sides, was that the question was one relating to trademarks, and it is necessary to dissociate from the case the ideas which belong to trade-mark cases. If the name "Old Sleuth" or "Old Sleuth Series," coupled with a picture of the detective called "Old Sleuth," was a trade-mark belonging to the complainant, the whole representation upon the cover of the defendants' books would be easily held to be an unlawful use of the trade-mark, and, in connection with the use of the words and names, a court might not improperly be led to enjoin against the use of a picture purporting to be a picture of "Old Sleuth." But there is no trade-mark feature in the case, and the question simply is whether the later picture, taken by itself, is a copy of or was borrowed from, or is an imitation more or less close of, the complainant's picture, or is a colorable variation therefrom, so as to be an infringement. That the defendants got the idea from the plaintiff of having a picture to represent the common hero of all the stories, an apparently old countryman, dressed in an old-fashioned garb and style, and having a shrewd face, is probably true. But the two pictures are dissimilar. The attitude, the general expression, and the general appearance of the two figures are unlike, and not only unlike, but very different. The variations are more than colorable. The defendants' picture is not an imitation, but their designer took the plaintiff's idea, and worked it out in a different way. I do not find an infringement, and the bill should be dismissed.